**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| R.M.L. et al.,<br><br>Petitioners,<br><br>v.<br><br>RUBY HERNANDEZ et al.,<br><br>Respondents. | Case No. 2:26-cv-08585-MRA-DFM<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, the administrative record, the parties' submissions, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of the objections.

In this habeas action involving immigration detention, the Report recommends the dismissal of the action as moot because the Office of Refugee Resettlement ("ORR") have approved release of both Petitioners,

unaccompanied non-citizen minors, to their mother. (Dkt. 18.) Petitioners' objections to the Report do not warrant a different outcome.

Petitioners object that the Report misapplied the mootness inquiry because effective relief remains available. (Dkt. 20 at 8-12.) They argue that declaratory relief as to the unlawfulness of their detention remains available. (*Id.* at 9-10.) As the Report explained, however, "the applications are no longer pending, the requested sponsor [*i.e.*, their mother] has been approved, and the custody has ended. A declaration would compel no act, remove no restraint, and govern no pending agency decision." (Dkt. 18 at 7.) Plaintiffs also argue that prospective relief remains available. (Dkt. 20 at 11-12.) As the Report explained, however, that argument appears to rely on the incorrect assumption that ORR still has custodial authority over them: "After release, ORR does not have legal custody of the unaccompanied child, and the sponsor becomes responsible for providing for the unaccompanied child's physical and mental well-being." (Dkt. 18 at 6 (citing 45 C.F.R. § 410.1001)). To the extent that Petitioners seek remedies for past harms (Dkt. 16 at 7), a habeas judgment could not redress injuries from custody that is completed. (Dkt. 18 at 6.)

Petitioners object to the Report's analysis of the mootness doctrine in three respects. (Dkt. 20 at 12-21.) First, they object to the Report's conclusion that the "capable-of-repetition-yet-evading review" exception does not apply. (*Id.* at 12-17.) Specifically, they object that there is a reasonable expectation that they will be subjected to the same action again because they "may again become subject to the same ORR's custody and release processes challenged in this action." (*Id.* at 14.) But the "capable of repetition, yet evading review" doctrine applies "only in exceptional situations." *Kingdomware Technologies, Inc. v. U.S.*, 579 U.S. 162, 170 (2016). This is not an exceptional situation. Petitioners, who were unaccompanied children, were released without any order from this Court but upon completion of the vetting process to confirm

that their sponsor was actually their mother. (Dkt. 13-1 at 3; Dkt. 15 at 2.) Given these circumstances, recurrence of ORR custody is speculative. *See Sample v. Johnson*, 771 F.2d 1335, 1340 (9th Cir. 1985) ("The 'mere physical or theoretical possibility' of a challenged action again affecting a plaintiff is not sufficient.") (quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)).

The district court decision that Petitioners cite, for the proposition that ORR custody can recur (Dkt. 20 at 26), has no bearing on the mootness analysis in this case. In the cited decision, *M.A. v. Molina*, 2026 WL 741623, at *1-*2 (N.D. Ohio Mar. 17, 2026), the habeas petitioner was initially released from ORR custody to his mother but then subsequently was placed in ORR custody again and was subjected to another sponsor vetting process, after he had pled guilty to a misdemeanor for unauthorized use of a vehicle and after his mother had declined to retrieve him upon his release from criminal custody. Recurrence of ORR custody because of new and different information, such as the commission of a crime by the unaccompanied child and his mother's refusal to retrieve him that leads to another sponsor vetting process, is insufficient to show an exception to mootness here. *See Dept. of Fish and Game v. Federal Subsistence Board*, 62 F.4th 1177, 1184 (9th Cir. 2023) (agency action based on a new report with different facts does not raise a reasonable expectation of repetition that would overcome mootness) (citing cases).

Second, Petitioners object that the Report failed to meaningfully apply the "voluntary cessation" standard. (Dkt. 20 at 18-20.) As the Report found, voluntary cessation moots a case only if the practice "cannot 'reasonably be expected to recur' – a 'formidable burden' that 'holds for governmental defendants no less than for private ones.'" (Dkt. 18 at 5 (quoting *FBI v. Fikre*, 601 U.S. 234, 241-42 (2024)). Because there is no reasonable expectation that Petitioners will be taken again into ORR custody for the same reasons they

originally were taken into custody, there is no exception for mootness here based on the voluntary cessation doctrine.

Third, Petitioners object that the Report appears to conflate collateral consequences with the existence of a live controversy. (Dkt. 20 at 20-21.) They argue that a live controversy exists because declaratory and prosecutive relief remain available, and because the challenged conduct is capable of repetition yet evading review. (*Id.* at 21.) As the Report explained, however, habeas relief is no longer available because the sponsor application is no longer pending, the requested sponsor has been approved, custody has ended, ORR would no longer have legal custody of the children, and a habeas judgment could not redress past harms from custody that is completed. (Dkt. 18 at 6-8.) Moreover, the mere possibility of recurrence of ORR custody because of the emergence of new and different information is insufficient to show that the challenged conduct is capable of repetition yet evading review. *See Dept. of Fish and Game*, 62 F.4th at 1184.

The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation of the United States Magistrate Judge is APPROVED and ACCEPTED.

2. The Petition for Writ of Habeas Corpus and this action are DISMISSED WITHOUT PREJUDICE as moot and for lack of subject-matter jurisdiction.

3. All remaining requests for release, declaratory, and prospective relief are DENIED AS MOOT.

4. Petitioners' application for appointment of guardian ad litem (Dkt. 3) is DENIED AS MOOT.

5. This dismissal is without prejudice to any timely application for attorney's fees and/or costs.

Date: November 23, 2026

MONICA RAMIREZ ALMADANI
United States District Judge